**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

CALVARY CHAPEL BIBLE
FELLOWSHIP, a California non-profit
religious corporation,
*Plaintiff-Appellant*,

v.

COUNTY OF RIVERSIDE,
*Defendant-Appellee.*

No. 17-56857

D.C. No.
5:16-cv-00259-
PSG-DTB

OPINION

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted October 24, 2019
Pasadena, California

Filed February 4, 2020

Before: Consuelo M. Callahan, John B. Owens,
and Ryan D. Nelson, Circuit Judges.

Opinion by Judge R. Nelson

# SUMMARY[*]

## Civil Rights

The panel affirmed the district court's grant of summary judgment to Riverside County in an action brought by Calvary Chapel Bible Fellowship, a non-denominational Christian church, asserting a facial challenge to the county zoning ordinance under the Religious Land Use and Institutionalized Persons Act.

After Calvary Chapel bought its first parcel of land and constructed a church on the property, Riverside enacted more restrictive zoning ordinances that removed religious assemblies from the list of permissible uses in the zone where the Church is located. Calvary Chapel has operated a legal non-conforming use since. Calvary Chapel subsequently purchased a second parcel of land and hoped to expand its facilities. It asked Riverside to amend its zoning ordinance to specifically include religious assemblies as permitted uses in the zoned area. It also submitted an application to proceed with a proposed expansion, which remains pending. Calvary Chapel then brought this facial challenge to the zoning ordinance.

The panel held that because, on its face, Riverside's zoning ordinance permits religious assemblies as special occasion facilities, the ordinance does not treat religious assemblies on less than equal terms with secular assemblies. Thus, the panel held that under the plain terms of the ordinance, which was consistent with Riverside's

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

representations both in its briefs and at oral argument, Calvary Chapel is not prohibited from pursuing its religious practices.  It can pursue the proposed expansion of its religious facilities as a special occasion facility.  As such, the panel concluded that Calvary Chapel had failed to establish a prima facie violation of the Religious Land Use and Institutionalized Persons Act's (RLUIPA) equal terms provision on a facial challenge.

The panel declined to consider, on appeal in the first instance, Calvary Chapel's new claim that Riverside violated RLUIPA's nondiscrimination provision by needlessly requiring it to apply for a text amendment to the zoning ordinance.  The panel held that Calvary Chapel could not change the gravamen of its non-discrimination claim on appeal from a facial challenge of the ordinance to a challenge of Riverside's text amendment process.

## COUNSEL

Robert H. Tyler (argued) and James A. Long, Tyler & Bursch LLP, Murrietta, California, for Plaintiff-Appellant.

Alan Diamond (argued) and Timothy T. Coates, Greines Martin Stein & Richland LLP, Los Angeles, California; James E. Brown, Assistant County Counsel; Melissa Renee Cushman, Deputy County Counsel; Office of the County Counsel, Riverside, California; for Defendant-Appellee.

**OPINION**

R. NELSON, Circuit Judge:

The district court granted summary judgement to Riverside County on Calvary Chapel Bible Fellowship's ("Calvary Chapel") facial challenge to the county zoning ordinance under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc–2000cc-5. Calvary Chapel appeals. Because the plain terms of the ordinance treat religious assemblies on equal terms with secular assemblies, we affirm the district court's grant of summary judgment.

**I**

Calvary Chapel, a non-denominational Christian church located in the "Temecula Wine Country" region of Riverside County, California ("Riverside"), bought its first parcel of land in the Citrus-Vineyard Zone ("C/V Zone") in 1996. At that time, churches and other places of religious worship were permissible upon approval of a public use permit, and Calvary Chapel obtained a permit to construct a church on its property. In 1999, Riverside enacted more restrictive zoning ordinances, removing religious assemblies from the list of permissible uses in the C/V Zone. Calvary Chapel has operated as a legal non-conforming use since.

The C/V Zone is intended to "encourage agricultural cultivation, vineyards, and wineries, that would preserve the rural lifestyle, wine-making atmosphere and long term viability of the wine-industry[.]" Riverside Cty., Cal., Ordinance 348, § 14.71 (2016). Accordingly, vineyards, groves, crops, orchards, gardens, and pastures for raising livestock are all permitted as of right in the C/V Zone. *Id.* § 14.73(A). But not all uses allowed in the C/V Zone are

purely agricultural.  Eighteen-hole golf courses, child day care centers, bed and breakfasts, country inns, hotels, restaurants, spas, cooking schools, wine sampling rooms, retail wine sale stores, and special occasion facilities are all permissible in the C/V Zone upon approval of a plot plan. *Id.* § 14.73(B).

In 2009, Calvary Chapel, allegedly unaware Riverside had changed the zoning ordinance, purchased a second parcel of land.  Calvary Chapel hoped to expand its church on the vacant parcel by building a larger sanctuary, a special occasion facility, an open-air wedding venue, a church administration building, and a single-family residence. After realizing the impact of the 1999 amendments, Calvary Chapel asked Riverside to amend its ordinance.

Riverside tentatively approved a draft ordinance to permit religious land use in the C/V Zone.  But the draft ordinance was removed from the County Planning Commission's agenda and never adopted; Riverside instead approved a new zoning ordinance that allowed the County Planning Director to permit land uses that were "substantially the same in character and intensity as uses already permitted within a County zone."  Riverside Cty., Cal., Ordinance 348.4713, § 3.3, *invalidated by Protect Wine Country v. County of Riverside*, No. RIC1108020 (Cal. Super. Ct. May 06, 2011) (BL, Court Dockets, Riverside County, Civil and Small Claims).

Upon Calvary Chapel's request, the Planning Director found the proposed expansion was the same in character and intensity as other uses already permitted in the C/V Zone. He informed Calvary Chapel that it must submit a plot plan application to proceed with the expansion.  Calvary Chapel submitted its plot plan.  But two months later, a group called "Protect Wine Country" sued Riverside, challenging the

validity of the "same in character and intensity" provision. The Superior Court entered judgment in favor of Protect Wine Country and Riverside did not appeal. Calvary Chapel's plot plan application was thus invalidated.

Meanwhile, Riverside began developing the Wine Country Community Plan ("WCCP"), which encompassed several zones in Wine Country, including the C/V Zone. At issue in this case are the Wine Country – Winery and Wine Country – Winery Existing Zones ("Wine Country Zones").

Calvary Chapel repeatedly requested that Riverside include religious assemblies as permitted uses in the WCCP, to no avail. Instead, Riverside carved out Calvary Chapel's two parcels from the WCCP, leaving them part of the C/V Zone, with surrounding properties regulated by the WCCP. Protect Wine Country sued Riverside again, this time alleging that excluding Calvary Chapel's parcels from the WCCP constituted illegal spot zoning. Riverside and Protect Wine Country settled the lawsuit, with Riverside agreeing any amendments to the C/V Zone would also be made to the zones in the WCCP.

In 2012, Calvary Chapel again asked Riverside to amend the zoning ordinance to specifically permit churches in the C/V Zone. It also submitted a plot plan application to proceed with its proposed expansion on its vacant parcel. Both applications are still pending because environmental review is ongoing.

In 2016, Calvary Chapel brought this facial challenge to the zoning ordinance. Two issues are relevant on this appeal: first, whether the sections of Riverside's zoning ordinance governing the C/V and Wine Country Zones violate RLUIPA's equal terms provision; and second,

whether those sections violate RLUIPA's nondiscrimination provision.

Calvary Chapel argued below that Riverside violated RLUIPA's equal terms provision by prohibiting religious assemblies, but permitting "special occasion facilities, hotels, resorts, golf courses, clustered residential subdivisions, professional culinary academy, bed and breakfasts, wineries, wine club activities, wine club events, Winegrowers Trade Association Events, gift sales, country inns, restaurants, bed and breakfast inns, hotels, spas, and cooking schools" in the C/V and Wine Country Zones. In short, Calvary Chapel claimed its proposed religious use was not permitted by any of these categories.

Calvary Chapel also contended that Riverside violated RLUIPA's nondiscrimination provision because the ordinances were enacted in a discriminatory manner. In support, Calvary Chapel alleged that Riverside enacted ordinances restricting religious land use after local citizens and vintners from the wine industry voiced public anti-church sentiment. Calvary Chapel further argued the settlement between Protect Wine Country and Riverside demonstrated "severe animus" against religion, in contrast to Riverside's previous willingness to accommodate religion. Calvary Chapel also argued that its exclusion from an ad hoc committee to assist Riverside in the zoning process evidenced discrimination.

The parties filed motions for summary judgment, and the district court issued judgment in favor of Riverside. The district court concluded Riverside had not violated RLUIPA's equal terms provision because both religious and secular assemblies are allowed in the C/V and Wine Country Zones if they are "special occasion facilities," which requires, among other things, that the facilities are used "for

a specific period of time in return for compensation."
Ordinance 348 §§ 14.72(H), 14.91(X).    As to the
nondiscrimination claim, the district court held Calvary
Chapel failed to show Riverside had discriminatory intent.
This appeal followed.

We review the district court's grant of summary
judgment de novo. *Burrell v. McIlroy*, 464 F.3d 853, 855
(9th Cir. 2006).

## II

We begin with Calvary Chapel's equal terms claim.
RLUIPA is plain: "[n]o government shall impose or
implement a land use regulation in a manner that treats a
religious assembly or institution on less than equal terms
with a nonreligious assembly or institution."    42 U.S.C.
§ 2000cc(b)(1).    Furthermore, RLUIPA requires that courts
construe the statute "in favor of a broad protection of
religious exercise, to the maximum extent permitted[.]" *Id.*
§ 2000cc-3(g).    To establish a prima facie equal terms
violation, Calvary Chapel must show "(1) there [is] an
imposition or implementation of a land-use regulation,
(2) by a government, (3) on a religious assembly or
institution," and (4) the land-use regulation treats a religious
assembly or institution "on less than equal terms with a
nonreligious assembly or institution."    *Centro Familiar
Cristiano Buenas Nuevas v. City of Yuma*, 651 F.3d 1163,
1170–71 (9th Cir. 2011) (internal quotation marks omitted).

There is no dispute that the first three factors are satisfied
here.    Calvary Chapel's burden, then, is to show that
Riverside's zoning ordinance treats a religious assembly or
institution unequally compared to a secular assembly or
institution.    As this is a facial challenge, we consider only
the text of the zoning ordinance, not its application.    At least

on the face of the ordinance, secular and religious places of assembly are treated the same. Both are permitted in the C/V Zone only if they meet the requirements of a "special occasion facility." Churches and other houses of worship are permitted in the C/V Zone if, at some point, they rent their facilities out in return for compensation, in addition to meeting the other zoning requirements. And nothing in the text of the ordinance prevents churches from holding regular worship services or other religious assemblies in their special occasion facilities. Secular assemblies are treated on the same terms as religious assemblies: they must also qualify as special occasion facilities to obtain a public use permit in the C/V Zone. In other words, the ordinance places facilities that do not plan to charge a fee on equal terms, regardless of whether they are religious or secular. In short, the zoning ordinance as written permits religious uses as contemplated by Calvary Chapel. Thus, there is no equal terms violation.

Indeed, Riverside agrees Calvary Chapel may use a special occasion facility for religious purposes. Riverside made the following representations in briefing and at oral argument:

- Calvary Chapel's currently existing church may continue to exist and operate in the C/V Zone as a nonconforming use in its current form in perpetuity;

- Calvary Chapel (or any other house of worship) can build in the C/V and Wine Country Zones, provided

it meets all requirements of a special occasion facility such as receiving compensation;**[1]**

- special occasion facilities may be used for worship services on a regular basis; and

- secular assemblies are excluded from the zone on the same terms as religious assemblies.  For example, if an opera house did not plan to use its facility in return for compensation, it also could not build a place of assembly in the C/V and Wine Country Zones.

We acknowledge that one of Riverside's Federal Rule of Civil Procedure Rule 30(b)(6) witnesses testified that a church could not conduct regular worship services in the C/V Zone, even if it rented out its facility for weddings or other events.  But this testimony was a pure legal conclusion and is not binding on Riverside, at least given the subsequent explanation and concessions Riverside has provided.  *Cf. Snapp v. United Transp. Union*, 889 F.3d 1088, 1104 (9th Cir. 2018), *cert. denied sub nom. Snapp v. Burlington N. Santa Fe Ry. Co.*, 139 S. Ct. 817 (2019) ("The Rule 30(b)(6) testimony also is not binding against the organization in the sense that the testimony can be corrected, explained and supplemented . . . ." (citation omitted)).   The 30(b)(6) witness's position is inconsistent with both the text of the ordinance and Riverside's representations before this Court. Furthermore, when reviewing a facial challenge, we are limited to reviewing the text of the ordinance itself, not what others have said the statute means.  How the statute has been

---

**[1]** At oral argument, Riverside's counsel suggested that Calvary Chapel might be able to meet the compensation requirement by renting the facilities to another organization for $1 per year.

interpreted and applied by local officials is the province of an as-applied challenge, which is not before us today.

In light of our reading of the plain terms of the ordinance, consistent with Riverside's representations both in its briefs and at oral argument, Calvary Chapel is not prohibited from pursuing its religious practices under the zoning ordinance. It can pursue its proposed expansion as a special occasion facility.  As such, Calvary Chapel has failed to establish a prima facie violation of RLUIPA's equal terms provision on a facial challenge.

## III

Calvary Chapel also claims, for the first time on appeal, that if religious assemblies are permitted in the C/V Zone as special occasion facilities, Riverside violated RLUIPA's nondiscrimination provision by "needlessly" requiring it to apply for a text amendment to the zoning ordinance.  But in the proceedings below, Calvary Chapel's nondiscrimination claims were limited to a facial challenge to the ordinance itself.  With limited exceptions not applicable here, we will not consider issues raised for the first time on appeal. *United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990). Calvary Chapel may not change the gravamen of its non-discrimination claim on appeal from a facial challenge of the ordinance to a challenge of Riverside's text amendment process.  Accordingly, we decline to consider Calvary Chapel's new nondiscrimination claim on appeal in the first instance.

## IV

Because, on its face, Riverside's zoning ordinance permits religious assemblies as special occasion facilities, the ordinance does not treat religious assemblies on less than

equal terms with secular assemblies.  Because this is a facial challenge, our inquiry ends there.  Any consideration of the ordinance's application must be left for another day.

**AFFIRMED.**