NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZACHARY PILZ; BRENDA CONTINE; JUAN LOPEZ; AARON KELLER; ADAM BOGLE; ALEX CARBAJAL; ALEX MURILLO; AMBER ROSKAMP; ANNA TRAWCZYNSKI; BENJAMIN SWENSON; BLAINE SCHIESS; BRIAN PATERIK; CANDACE KENNEDY; CATHY BECKNER; DANIEL LITTLE; DAVID DAHLIN; DAVID A. LAWTON; DAVID TAYLOR; DAVID WALTERS; DAWN ANDERSEN; GARRETT RAULSTON; GWENDOLYN AUMAN; HALEIGH SEE; HEATHER SWENSEN; HERIBERTO MENDOZA; HOLLY VERNER; JAIME KELLOGG; JAMES PALMER; JEFFREY COWGILL; JENI VENABLES; JENNIFER BARNES; JENNIFER TEMPLETON; JENNIFER ZEHRUNG; JESSE GORHAM; JODIE DEWEY; JOE DEGROAT; JONAH KUHN; JOSEPHINE SWENSON; JOSH GIBBS; JUDY CARPENTER-ROSS; KAMALDEEP BHACHU; KARA COALMAN; KARI LYNN DOHRMAN; KATHERINE GALANGA; KATHLEEN POKORNY; KAYLA BERG; KIMBERLY SCOTT; KRIS WAIDLEY; KYLEE BALLENSKY; LADONNA HEBERT; LAURA COLEMAN; LESIYA DROZDOV; LORI AUCKLAND; LORI SMITH; LYNNETTE MATHIAS; MARSHA | No.    22-35508<br><br>D.C. No. 3:21-cv-05735-BJR<br><br>MEMORANDUM* |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

LASKY; MATTHEW REINKE; MELISSA STEELE; MICHAEL FAULK; MICHAEL HAMILTON; MICHAEL JOHNSON; MICHAEL URIBE; MISTY COX; MONTY LEE WHITEAKER; NICHOLAS AUCKLAND; NICHOLAS BLACKBURN; NICOLE KINREAD-SINCLAIR; NIZA PUCKETT; PAMELA COFFELL; RONALD KESSLER; ROSEMARIE BECKER; RYAN HOGAN; SANDRA DOLAN; SANDRA OLERICH; SCOTT FLEMING; SCOTT MILLENBACH; SHANNON AYERS; SHEILA HOLLINGSWORTH; TAMMY KENNEDY; TERA GREEN; TERESA FOX; THOMAS CORRIN; THOMAS DELONG; TIFFANY BROWN; TIMOTHY HENNING; TODD HUMPHREYS; TRAVIS EILERTSON; TYLER CORRIN; TYLER RATKIE; TYLER TUERSCHMANN; WADE FAIRCLOTH; WARREN SCOTTER; WAYNE JOHNSON; WILLIAM CLEARY; ZANA CARVER; JAMAL GEORGE; BRAD OTTO; VENUS BAILEY; STEPHANIE ADAMS; BRANON SNYDER,

Plaintiffs-Appellants,

v.

JAY ROBERT INSLEE, Governor of the State of Washington; JOHN BATISTE, Chief of the Washington State Patrol; CHERYL STRANGE, Secretary of the Washington State Department of Corrections; ROGER MILLAR, Secretary of the Washington State Department of Transportation; DEREK SANDISON, Director of the Washington Department of

2

Agriculture; ROSS HUNTER, Secretary the Washington State Department of Children, Youth and Families; UMAIR A. SHAH, Secretary of the Washington State Department of Health; JOEL SACKS, Director of the Washington State Department of Labor and Industries,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Argued and Submitted September 14, 2023
Seattle, Washington

Before: HAWKINS, R. NELSON, and COLLINS, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge COLLINS.

Proclamation 21-14 and Proclamation 21-14.1 (together, "Proclamation"), issued by Washington Governor Jay Inslee, required workers for state agencies, healthcare providers, and educational settings to be fully vaccinated against COVID-19 by October 18, 2021. Plaintiffs, former Washington State employees who sought medical or religious exemptions from the vaccination requirement, sued the Governor and other state officials for violating (1) their right to privacy under the Fourth Amendment and Article I, Section 7 of the Washington Constitution; (2) the Free Exercise Clause of the First Amendment; (3) separation of powers under Washington law; and (4) the Contract Clause of the federal and Washington

3

constitutions. The district court granted Defendants' motion for judgment on the pleadings. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. This case is not moot because we may still grant effective relief. *See Brach v. Newsom*, 38 F.4th 6, 11 (9th Cir. 2022) (en banc). The Governor's rescission of the Proclamation moots claims for declaratory or injunctive relief, but Plaintiffs seek reinstatement and damages. An injunction requiring reinstatement could provide the relief Plaintiffs seek, *see Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839–42 (9th Cir. 1997); *see also Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 696 (9th Cir. 2023) (en banc), as could an award of damages, *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 872 (9th Cir. 2002). So those claims are not moot.

2. Sovereign immunity does not bar the damages claims because we "presume[] that officials necessarily are sued in their personal capacities where those officials are named in a complaint, even if the complaint does not explicitly mention the capacity in which they are sued." *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999). The Eleventh Amendment does not "bar claims for damages against state officials in their *personal* capacities." *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016).

3. Plaintiffs forfeited their privacy claim under the federal constitution— whether it is raised as a substantive due process right or as a Fourth Amendment

4

right. Starting with the Fourth Amendment, Plaintiffs waived that right by failing to "specifically and distinctly argue[]" the issue in their opening brief. *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) (quoting *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992)). We "have repeatedly admonished that we cannot 'manufacture arguments for an appellant.'" *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). "It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the 'appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.'" *Id.* at 929–30 (quoting Fed. R. App. P. 28(a)(9)(A)). We decline to do Plaintiffs' work for them.

The result is the same if Plaintiffs raise their privacy claim as a Fourteenth Amendment substantive due process right. Plaintiffs abandoned any such claim by failing to address substantive due process in response to the motion for judgment on the pleadings below. *B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 538 (9th Cir. 2022).

Our dissenting colleague challenges this conclusion, explaining the ways that the opening brief discusses substantive due process. He thus concludes that "Plaintiffs' substantive due process claim must be remanded." But—perhaps recognizing that substantive due process was a dead letter after they abandoned it below—Plaintiffs raised no such claim on appeal. Instead, they style their privacy

5

claim as a Fourth Amendment claim. Despite framing the issue under the Fourth Amendment, the brief only mentions the Fourth Amendment to distinguish the Fourth Amendment's privacy protections from the privacy right protected by the Washington Constitution. Plaintiffs cannot sustain an issue by not talking about it or by only mentioning it in fleeting references to other issues. Nor will we construct an argument not succinctly presented by stringing together unrelated pages and propositions that litter the lines of the brief.

Moreover, Plaintiffs quote *Potter v. City of Lacey*, 46 F.4th 787, 791 (9th Cir. 2022), to explain that we *should not* decide the federal constitutional issue because "[i]t is well established that [this Court] should avoid adjudication of federal constitutional claims when alternative state grounds are available . . .[] even when the alternative ground is one of state constitutional law." The opening brief then details the privacy right under the Washington constitution. Thus, the federal privacy claim has been waived. Further, as we explain below, we lack jurisdiction to grant any relief on that state-law privacy claim.

4.      The Proclamation does not facially violate the Free Exercise Clause. "[A] law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993). "As this is a facial challenge, we

6

consider only the text of the [Proclamation], not its application." *Calvary Chapel Bible Fellowship v. Cnty. of Riverside*, 948 F.3d 1172, 1176 (9th Cir. 2020).[1] On its face, the Proclamation is neutral because it neither "infringe[s] upon [n]or restrict[s] practices because of their religious motivation." *Lukumi*, 508 U.S. at 533. The Proclamation is also generally applicable, as it applies to all relevant employees unless they can show that they are legally entitled to an exemption. *See Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1177–78, 1180 (9th Cir. 2021). Unlike cases in which "the State has in place a system of individual exemptions" and "refuse[s] to extend that system to cases of 'religious hardship,'" *Fulton v. City of Philadelphia*, 141 S. Ct. 1868, 1877 (2021) (quoting *Emp. Div., Dep't of Hum. Res. of Or. v. Smith*, 494 U.S. 872, 884 (1990)), the Proclamation on its face exempts those with a sincerely held religious belief and does not purport to grant discretion to deny exemptions, *see* Proclamation 21-14 at 4; Proclamation 21-14.1 at 5–6. Accordingly, Plaintiffs' facial challenge to the Proclamation is evaluated under the rational basis standard. *See Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1075–76 (9th Cir. 2015). During the relevant timeframe, the Supreme Court held that "[s]temming the spread of COVID-19 is unquestionably a compelling interest." *Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020). Because

---

[1] Although the complaint raised an as-applied Free Exercise challenge, Plaintiffs abandoned that challenge on appeal.

requiring vaccination of state agency and healthcare workers is rationally related to that goal, the Proclamation survives Plaintiffs' constitutional challenge.

5.      To the extent Plaintiffs seek injunctive or declaratory relief based on violations of state law, we lack jurisdiction to grant such relief. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117–23 (1984). The Governor did not issue the challenged Proclamation, as Plaintiffs argue, "without any authority whatever" under state law, thereby triggering *Pennhurst*'s narrow exception. *See id.* at 101 n.11 (citation omitted). To the extent other relief is sought for alleged violations of their rights under the Washington Constitution, the "Washington courts have consistently refused to recognize a cause of action in tort for violations of the state constitution." *See Janaszak v. Washington*, 297 P.3d 723, 723–24 & n.48 (Wash. Ct. App. 2013) (internal citation omitted).

6.      Plaintiffs forfeited their Contract Clause argument by failing to make the argument "specifically and distinctly in [their] opening brief." *Indep. Towers of Wash.*, 350 F.3d at 929 (citation omitted).

**AFFIRMED.**

8

*Zachary Pilz, et al. v. Jay Inslee, et al.*, No. 22-35508

COLLINS, Circuit Judge, concurring in part and dissenting in part:

I concur in the court's memorandum disposition to the extent that it holds that this case is not moot; that sovereign immunity does not bar Plaintiffs' § 1983 claims for damages against Defendants in their personal capacities; that we lack jurisdiction to grant available relief for violations of the Washington Constitution; and that Plaintiffs forfeited their Contract Clause claims by failing to develop any argument in support of those claims in their opening brief. I write separately to address Plaintiffs' substantive due process and Free Exercise Clause claims.

1. The majority wrongly holds that Plaintiffs "forfeited their privacy claim under the federal constitution—whether it is raised as a substantive due process right or as a Fourth Amendment right." Memo. Dispo. at 4–5.

The majority contends that Plaintiffs forfeited any substantive due process claim "by failing to address substantive due process in response to the motion for judgment on the pleadings below." *See* Memo. Dispo. at 5. That is incorrect. The district court's opinion discussed two distinct claims that might be characterized as falling within the rubric of substantive due process. The first was a peculiar hybrid claim that the State "violated [Plaintiffs'] substantive due process rights because the Proclamation exceeded the Governor's authority under state law," and the district court correctly held that *that* "substantive due process claim" was

"abandoned" because it had not been "raised in [Plaintiffs'] opposition to Defendants' motion for judgment on the pleadings." But the district court then proceeded to discuss, and to reject on the merits, a distinct "[r]ight to [p]rivacy" claim based on, *inter alia*, "[c]onstitutional . . . rights to bodily integrity and autonomy."

The majority alternatively asserts that Plaintiffs' opening brief in this court "raised no such claim" either. *See* Memo. Dispo. at 5. That too is wrong. Plaintiffs' opening brief explicitly argues that there is a "fundamental right" to refuse forced medical treatment, and on that score the brief cites the Supreme Court's statement that "[t]he forcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty." *Washington v. Harper*, 494 U.S. 210, 229 (1990). The brief further asserts that this right survives the Supreme Court's recent decision in *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022). The brief recognizes that, in contrast to compelled medical treatment for the recipient of medication (as in *Harper*), the State has appropriate power under *Jacobson v. Massachusetts*, 197 U.S. 11, 30 (1905), to require vaccination against a disease for the purpose of preventing the transmission of serious illness *to third parties*. The brief argues that the *Jacobson* power is inapplicable here, because it was assertedly known at the time that the Proclamation was adopted that the Covid vaccines that were being mandated were

2

*not* effective in preventing transmission in the way that *Jacobson* posits. As a result, Plaintiffs contend, the Proclamation's requirement was not a third-party-protection public health measure, but a first-party requirement to take a particular medical treatment for one's own benefit. Plaintiffs' brief recognizes that the State vigorously disputes the proposition that the mandated vaccines do not protect against transmission in the way that the smallpox vaccine in *Jacobson* did, but Plaintiffs argue that this disputed issue could not properly be resolved on the pleadings. Moreover, Plaintiffs' brief also squarely addresses the sole ground provided by the district court for rejecting this claim—namely, that (according to the district court) threatening to fire employees who refuse state-mandated injections "does not compel anyone to be vaccinated without their consent."

The majority seizes on the fact that the opening brief at one point refers to this asserted "right to refuse medical treatment" as being a right "protected by the Fourth Amendment," but that comment does not somehow justify our ignoring the *substance* of the argument as set forth in the brief. Likewise, the opening brief's argument that the court should rely on "available" state law grounds to avoid unnecessary federal decisions does not forfeit those federal arguments—and that is particularly true where, as here, those state law grounds are *not* available in light of *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 117–23 (1984).

For all of these reasons, the majority's assertion that Plaintiffs forfeited their

3

federal privacy/substantive-due-process claim is plainly incorrect. Accordingly, I think that we need to address this issue on the merits.

2. Turning to the merits, I think that the district court's limited analysis was flawed. The district court seemed to think that, because vaccination here was a condition of employment—rather than a direct mandate on the populace—the resulting requirement was wholly insulated from *any* constitutional scrutiny. That is wrong. *See, e.g., Goe v. Zucker*, 43 F.4th 19, 34 n.16 (2d Cir. 2022) (agreeing that conditioning a benefit "on a basis that infringes [the plaintiff's] constitutionally protected interests" would violate the "unconstitutional conditions doctrine," but holding that, under *Jacobson*, the measles vaccination condition for school attendance in that case "does not unconstitutionally infringe upon Plaintiffs' substantive due process rights"); *see also O'Hare Truck Serv., Inc. v. City of Northlake*, 518 U.S. 712, 720 (1996) ("[W]e considered it settled that to fire a public employee as a penalty for refusing a request for political and financial support would impose an unconstitutional condition on government employment."); *cf. BST Holdings, LLC v. Occupational Safety & Health Admin.*, 17 F.4th 604, 618 & n.21 (5th Cir. 2021) (holding that a federal Covid vaccine mandate "threatens to substantially burden the liberty interests of reluctant individual recipients put to a choice between their job(s) and their jab(s)" (footnote omitted)). The State notes that two circuits have observed that *Jacobson*—which

4

upheld a *direct* vaccination mandate—necessarily validates a less intrusive *conditional* mandate, *see We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 293–94 (2d Cir. 2021), *clarified on other grounds*, 17 F.4th 368 (2d Cir. 2021); *Klaassen v. Trustees of Indiana Univ.*, 7 F.4th 592, 593 (7th Cir. 2021), but those two decisions both rested on the premise that *Jacobson* did supply the correct standard of review. As noted earlier, that point is disputed here, and the district court did not address it. Accordingly, I would vacate the district court's decision on this claim and remand for further proceedings.

3. Because I think that Plaintiffs' substantive due process claim must be remanded, I would likewise vacate and remand, for further consideration, the district court's decision rejecting Plaintiffs' Free Exercise Clause claim. In light of my conclusion on the substantive due process claim, it would be premature, in my view, to say how *Employment Division v. Smith*, 494 U.S. 872 (1990), applies to the Proclamation. Under *Smith*, a "hybrid" claim that is based on "the Free Exercise Clause in conjunction with other constitutional protections" is not subject to *Smith*'s rational-basis standard. *Id.* at 881–82; *see also Danville Christian Acad., Inc. v. Beshear*, 141 S. Ct. 527, 529 (2020) (Gorsuch, J., joined by Alito, J., dissenting) ("[U]nder this Court's precedents, even neutral and generally applicable laws are subject to strict scrutiny where (as here) a plaintiff presents a 'hybrid' claim—meaning a claim involving the violation of the right to free

exercise *and* another right").  Although we have expressed uncertainty concerning this "hybrid rights exception," *see Parents for Privacy v. Barr*, 949 F.3d 1210, 1238 (9th Cir. 2020) (declining to decide "whether the hybrid rights exception exists and requires at least a colorable companion claim, or whether it does not really exist at all"), we have not definitively resolved the issue.  Given that I think that the substantive due process claim must be remanded, I would leave it for the district court to consider this aspect of *Smith* in the first instance on remand.

For the foregoing reasons, I concur in sections 1, 2, 5, and 6 of the memorandum disposition, but I respectfully dissent from sections 3 and 4.