NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 25 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT O. DINKINS, | No.    22-56089 |
| Petitioner-Appellant, | D.C. No. 2:21-cv-06991-CAS-KES |
| v. | |
| UNITED STATES OF AMERICA; JUDGE; FEDERAL BUREAU OF PRISONS; WARDEN, USP; LOMPOC MEDICAL, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Sandra M. Snyder, Magistrate Judge, Presiding

Submitted March 21, 2024[**]
San Francisco, California

Before:  FRIEDLAND, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Robert Dinkins appeals the district court's dismissal of his habeas corpus

petition filed pursuant to 28 U.S.C. § 2241, in which he alleges that the United

States Penitentiary, Lompoc ("USP Lompoc"), the prison at which he is

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

incarcerated, has not taken adequate measures to protect him from COVID-19. We have jurisdiction over this appeal under 28 U.S.C. § 2253(a). We review the district court's denial of a habeas petition de novo, liberally construing a pro se plaintiff's filings. *Eldridge v. Howard*, 70 F.4th 543, 551–52 (9th Cir. 2023). We vacate the district court's decision and remand with instructions to dismiss the petition for lack of jurisdiction.

1. Dinkins spends much of his opening brief arguing that prison officials violated his constitutional rights by failing to adequately treat his sinus infection and failing to provide him with wheelchair-accessible facilities. Those claims, however, have already been dismissed in a separate action. *Dinkins v. United States*, No. 22-56096, 2023 WL 8170738, at *1 (9th Cir. Sept. 13, 2023) (dismissing Dinkins's appeal of those claims as frivolous). He therefore may not raise them here.[1]

2. Dinkins also appeals the dismissal of his claim that officials at USP Lompoc have not adequately protected him from the risk of contracting COVID-19. We recently held, however, that an incarcerated petitioner cannot challenge the conditions of his confinement through a habeas petition filed under

---

[1] Dinkins also moves to add a new claim to the appeal regarding his treatment and conditions of confinement. But "we will not consider issues raised for the first time on appeal." *Calvary Chapel Bible Fellowship v. County of Riverside*, 948 F.3d 1172, 1177 (9th Cir. 2020). Dinkins's motion (Dkt. No. 14) is therefore **DENIED**. Any claim based on new conduct may be raised in a separate proceeding.

28 U.S.C. § 2241. *Pinson v. Carvajal*, 69 F.4th 1059, 1063–76 (9th Cir. 2023).

Instead, a petitioner must challenge conditions of confinement through a petition filed in the sentencing court under 28 U.S.C. § 2255. *Id.* at 1066–69. We explained that a Section 2241 petition is not appropriate even where, as here, the petitioner contends that no possible conditions of confinement could be constitutionally permissible. *Id.* at 1069. The district court therefore lacked jurisdiction to consider Dinkins's petition. *Id.* at 1062.[2]

**VACATED and REMANDED.**[3]

---

[2] To the extent that Dinkins's pleadings, liberally construed, seek "compassionate release" under 18 U.S.C. § 3582(c)(1)(A), Dinkins may only seek that relief from his sentencing court after exhausting his administrative remedies before the Bureau of Prisons. *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (per curiam).

[3] The parties shall bear their own costs on appeal.