NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 18 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL BACON; et al.,

        Plaintiffs-Appellants,

  v.

NADINE WOODWARD, Mayor of the City
of Spokane; et al.,

        Defendants-Appellees,

 and

JAY ROBERT INSLEE, Governor, State of
Washington; ROBERT FERGUSON,
Attorney General, State of Washington,

        Intervenor-Defendants-
        Appellees.

No.   22-35611

D.C. No. 2:21-cv-00296-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted September 14, 2023
Seattle, Washington

Before:  HAWKINS, R. NELSON, and COLLINS, Circuit Judges.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

As relevant here, Proclamation 21-14 and Proclamation 21-14.1 (collectively "Proclamation") required firefighters in Washington State to be fully vaccinated against COVID-19. Plaintiffs, a group of firefighters, challenged the Proclamation in federal court. They alleged facial and as-applied constitutional and federal statutory violations, including that the Proclamation violated (1) the Free Exercise Clause; (2) their constitutional right to privacy; (3) the Contract Clause; (4) the Americans with Disabilities Act (ADA); (5) the Due Process Clause; and (6) the Equal Protection Clause.[1] They also brought state-law claims, including state due process claims, tort claims and a breach-of-contract claim. They allege their due process rights were violated when they were denied religious and medical accommodations after what they considered to be sham hearings.

The district court granted judgment on the pleadings on all claims. It also denied the firefighters leave to amend their federal claims and declined to exercise supplemental jurisdiction over the remaining state-law claims.

We have jurisdiction under 28 U.S.C. § 1291.[2] In our concurrently filed opinion, we reverse the district court's grant of judgment on the pleadings as to the

---

[1] The firefighters' opening brief fails to mention this claim, and we deem it to be abandoned. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief.").

[2] In our opinion, we address why this case is not moot.

firefighters' as-applied Free Exercise challenge.  Here, we resolve the remaining claims and largely affirm.  Because we revived a federal claim—the as-applied Free Exercise challenge—we vacate the district court's dismissal of the state-law claims and remand.

1.     The Proclamation does not facially violate the Free Exercise Clause. "[A] law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993).  For a facial challenge, "we consider only the text of the [Proclamation], not its application." *Calvary Chapel Bible Fellowship v. Cnty. of Riverside*, 948 F.3d 1172, 1176 (9th Cir. 2020).  On its face, the Proclamation is neutral because it neither "infringe[s] upon [n]or restrict[s] practices because of their religious motivation." *Lukumi*, 508 U.S. at 533.  The Proclamation is also generally applicable, as it facially applies to all relevant employees unless they can show that they are legally entitled to an exemption.  *See Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1177–78, 1180 (9th Cir. 2021).  Unlike cases in which "the State has in place a system of individual exemptions" and "refuse[s] to extend that system to cases of 'religious hardship,'" *Fulton v. City of Philadelphia*, 593 U.S. 522, 534 (2021) (quoting *Emp. Div., Dep't of Hum. Res. of Or. v. Smith*, 494 U.S. 872, 884 (1990)), the Proclamation on its face exempts those with a

3

sincerely held religious belief and does not purport to grant discretion to deny exemptions, *see* Proclamation 21-14 at 4–5; Proclamation 21-14.1 at 5–6. Accordingly, the firefighters' facial challenge to the Proclamation is evaluated under the rational basis standard. *See Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1075–76 (9th Cir. 2015). During the relevant timeframe, the Supreme Court held that "[s]temming the spread of COVID-19 is unquestionably a compelling interest." *Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 18 (2020). Because requiring vaccination of public safety and healthcare workers is rationally related to that goal, the Proclamation survives the firefighters' facial Free Exercise challenge. Amendment here would be futile.

2.      The firefighters forfeited their privacy claim by failing to address it below in response to the motion for judgment on the pleadings. *See B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 538 (9th Cir. 2022). Because this claim was abandoned, amendment would be futile. *United States ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 681 (9th Cir. 2018) ("[T]he district court did not abuse its discretion in denying leave to amend here because amendment could not have revived this abandoned claim.").

3.      The firefighters' procedural due process rights were not violated. As their opening brief confirms, the firefighters' objections ultimately rested on the *substantive* rules applied in the termination process—namely, the Proclamation

itself and what they considered to be an overly stringent, "sham" approach to accommodations. But with respect to a categorical challenge to the substance of a generally applicable law impacting property rights—such as "continued employment in a state job"—we have held that no procedural due process is required beyond the proper promulgation of the new substantive rule. *Rea v. Matteucci*, 121 F.3d 483, 484–85 (9th Cir. 1997). The notice provided in the Proclamation was therefore sufficient. To the extent that hearings were required under *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542–48 (1985), in order to assess how the Proclamation would be applied in the firefighters' individual cases, the firefighters do not sufficiently allege that their procedural due process rights were violated. As the district court recognized, the firefighters had "advance notice of the vaccination requirement," were "offered . . . the opportunity to participate in *Loudermill* hearings," and were "communicated the results of those hearings along with proposed alternative accommodations." The firefighters did not like the substance of the City's construction of the Proclamation in their individual cases, but that is not a procedural due process objection. Because the firefighters were given all the process that was due, amendment here would be futile.

4. The firefighters at this stage have not adequately pleaded that they have filed a charge with the EEOC to support their ADA claim. Because nothing in the record suggests that they exhausted their administrative remedies, we affirm the

5

district court's decision to grant judgment on the pleadings. *Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006).

5. Although the firefighters brief a Title VII claim, they did not raise this in their complaint. Thus, no such claim is now before us. *See Fuller v. Frank*, 916 F.2d 558, 563 (9th Cir. 1990). We do not decide in the first instance whether the firefighters may add a Title VII claim if they decide to amend their complaint. *See* Fed. R. Civ. P. 15(a)(2).

6. By failing to adequately brief their Contract Clause claim—and focusing exclusively on their state-law breach-of-contract claim—the firefighters have forfeited the federal claim. *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003).

7. We vacate the dismissal of the state-law claims in light of our revival of the federal as-applied Free Exercise challenge in the concurrently filed opinion.

We **AFFIRM** the grant of judgment on the pleadings as to all claims except the as-applied Free Exercise claim. We **VACATE** and **REMAND** the district court's dismissal of the state-law claims. The parties shall bear their own costs in this appeal.